UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KURT B. LUDLOW,<br><br>                              Plaintiff(s),<br><br>       v.<br><br>SILVER STATE FINANCIAL SERVICES, INC., et al.,<br><br>                              Defendant(s). | Case No. 2:15-CV-235 JCM (NJK)<br><br>ORDER |

Presently before the court is *pro se* plaintiff Kurt B. Ludlow's motion for a temporary restraining order. (Doc. # 4).

A court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. Fed. R. Civ. P. 65. "The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*, no. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012) (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984)). "Thus, in seeking a temporary restraining order, the movant must demonstrate that the denial of relief will expose him to some significant risk of irreparable injury." *Id.* (quoting *Associated Gen. Contractors of Cal. v. Coalition of Econ. Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991)).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

The Supreme Court has stated that courts must consider the following elements in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008). The test is conjunctive, meaning the party seeking the injunction must satisfy each element.

As an initial matter, the court recognizes that the plaintiff has filed the instant motion for temporary restraining order *pro se*. Therefore, plaintiff's motion for temporary restraining order must be construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ."). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

Plaintiff alleges three causes of action in his complaint: breach of contract, slander of title, and fraud. Plaintiff seeks to prevent his eviction from a property he alleges has been improperly foreclosed upon and sold. Plaintiff does not include the date that the foreclosure occurred or any dates for his allegedly impending eviction.

In reviewing plaintiff's motion for temporary restraining order, the court notes that plaintiff has included no argument or citation as to why plaintiff is likely to succeed on the merits of the causes of actions in his complaint. Plaintiff's motion merely states that "[d]efendants have foreclosed and sold the [p]laintiff's [p]roperty and now intend to evict him from that property" and that eviction will cause plaintiff to "suffer irreparable damage." (Doc. # 4.)

Plaintiff's motion for temporary restraining order also alleges that defendants have "failed to abiode [sic] by the federal mandates of RESPA [Real Estate Settlement Procedures Act] in its entirety," and that defendants have violated plaintiff's due process rights by subjecting him to eviction. (Doc. # 4). Defendant's complaint does not allege RESPA or due process claims.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

1       Though this court sympathizes with plaintiff's plight, he has failed to meet the standard for the extraordinary remedy a temporary restraining order represents. This court does not find it is likely for plaintiff to succeed on the merits of any of the claims he purports to assert.

      Further, plaintiff indicates that he has "filed a separate action in the federal court alleging that the foreclosure was wrongful, that [d]efendants, all named, have violated federal laws in gaining the non-judicial foreclosure and sale of the subject [p]roperty, and have violated [his] due process rights." (Doc. # 4). Plaintiff does not provide a citation to the separate action in federal court and this court is left wondering why plaintiff opened a new case and filed the instant motion for temporary restraining order if a case is already pending.

## IV.  Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for a temporary restraining order (doc. # 4) be, and the same hereby is, DENIED without prejudice.

DATED February 13, 2015.

                                          /s/ James C. Mahan  
                                          UNITED STATES DISTRICT JUDGE

**James C. Mahan**  
**U.S. District Judge**